UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

ROBERT COLLINS                                    CIVIL ACTION NO. 19-102-P

VERSUS                                            JUDGE FOOTE

JAMES LEBLANC, ET AL.                             MAGISTRATE JUDGE HORNSBY

REPORT AND RECOMMENDATION

Before the court is Collins's motion for a preliminary injunction (Doc. 2).[1] He names Jerry Goodwin, James LeBlanc, the Warden of David Wade Correctional Center, John Bel Edwards, Jeffery Bruce Fuller, and the Louisiana Department of Public Safety &Corrections as defendants. He claims his civil rights were violated by prison officials at the David Wade Correctional Center in Homer, Louisiana.

Plaintiff seeks to have this court stop the transfer of inmates to David Wade Correctional Center until the US Department of Justice and the Federal Bureau of Prisons investigate the alleged civil rights violations based on prison medical treatment.

To obtain a preliminary injunction, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

---

[1] Plaintiff also seeks a full investigation and a transfer. The motions for a full investigation and a transfer are addressed in a separate Memorandum Order.

Plaintiff has failed to meet the requirements set forth above. The allegations in this complaint do not present a substantial threat of irreparable injury absent an injunction. The claims are typical prison complaints and are capable of ready resolution through the ordinary litigation process.

Moreover, the allegations in this motion do not present a substantial likelihood of success on the merits. The court does not have authority to order the U.S. Department of Justice to conduct an investigation. The Assistant Attorney General for the Civil Rights Division has final authority to determine whether a civil rights investigation should he opened. See Title 8: 2.110. Furthermore, the United States Supreme Court has held that it is for state prison authorities to decide where a state prisoner is to be incarcerated. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

Accordingly;

**IT IS RECOMMENDED** that the Motion for Preliminary Injunction (Doc. 2) be denied.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 28th day of August, 2019.

Mark L. Hornsby
U.S. Magistrate Judge